IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  04-D-1856 (BNB)

THE YOUNG MEN'S CHRISTIAN ASSOCIATION OF METROPOLITAN DENVER, a
Colorado Nonprofit Corporation; and
LIBERTY INSURANCE UNDERWRITERS, INC., a New York Corporation,

      Plaintiffs,

v.

WESTPORT INSURANCE CORPORATION, a Connecticut Corporation,

      Defendant.

---

## ORDER

---

THIS MATTER comes before the Court on the parties' Stipulated Motion To

Bifurcate Issues for Separate Trials, pursuant to FED. R. CIV. P. 42(b).  I have reviewed

the Motion and authority cited therein.  For the reasons set forth below, I find that the

Motion should be granted.

This is an insurance case in which Plaintiff Liberty Insurance Underwriters, as

assignee of The Young Men's Christian Association of Metropolitan Denver ("YMCA"),

brings a claim for breach of insurance contract against Defendant Westport Insurance

Corporation.  Plaintiff asserts that Defendant materially breached the terms of the

insurance contract issued to YMCA by failing to pay the full amount of YMCA's claims

for property damage and business interruption losses.

In the Stipulated Motion the parties contend that the primary issues in this case

are (1) whether the Westport policy provides coverage for YMCA's claims for property

damage and business interruption losses; and (2) if so, the amount of the reasonably necessary cost of repairing the YMCA facility and the amount of the business interruption losses covered by the Westport policy.  The parties seek to bifurcate the issues of liability and damages.

Fed.R.Civ.P. 42(b) states as follows with respect to bifurcation:  The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, the court may order a separate trial of any claim . . . or issues . . . .  If the preliminary and separate trial of an issue will involve extensive proof and substantially the same facts or witnesses as the other issues, or if any saving in time and expense is wholly speculative, a separate trial will be denied."  9 Wright & Miller, Federal Practice & Procedure, § 2388.   This court in *Martin v. Bell Helicopter Co.*, 85 F.R.D. 654, 658 (D. Colo. 1980) set forth ten factors to be considered in determining whether to order bifurcation of issues:  (i) will separate trials be conducive to expedition of the litigation and economy; (ii) will separate trials be in furtherance of convenience to the parties and avoid prejudice; (iii) are the issues sought to be tried separately significantly different; (iv) are the issues triable by jury or by the court; (v) has discovery been directed to single trial of all issues or separate trials; vi) will substantially different witnesses and evidence be required if issues are tried separately; (vii) will a party opposing severance be significantly prejudiced if it is granted; (viii) will an unfair advantage be afforded to a party if bifurcation is granted; (ix) will management of trial, delineation of issues, and clarity of factual questions be substantially enhanced by bifurcation; and (iv) will bifurcation assist efficient judicial administration of the case?

Wright & Miller notes that federal courts, in many kinds of litigation, have ordered liability and damages tried separately.  9 Wright & Miller, Federal Practice and Procedure, § 2390.  Bifurcation of proceedings into two separate trials concerning liability and damages is generally appropriate when evidence pertinent to the two issues is wholly unrelated and evidence relevant to damages could have a prejudicial impact upon the jury's liability determination.  *Helminski v. Ayerst Laboratories*, 766 F.2d 208 (6th Cir. 1985), *cert. denied*, 474 U.S. 981 (1985).  Bifurcation has been denied when the evidence on the two issues is overlapping or is so intertwined so that efficiency will not be achieved, or confusion and uncertainty may result.  *See Miller v. Fairchild Industries, Inc.*, 885 F.2d 498 (9th Cir. 1989), cert. denied, 494 U.S. 1056 (1990).

I find that the issues of liability and damages in this case are sufficiently different such that separate trials on these issues will be conducive to expedition of the litigation and economy, will further the convenience to the parties, defer costly and potentially unnecessary discovery on damages issues, and assist in efficient judicial administration of the case.

For the reasons stated above, it is

ORDERED that parties Stipulated Motion to Bifurcate Issues for Separate Trials pursuant to Rule 42(b) is **GRANTED.**  It is

FURTHER ORDERED that the Scheduling Order be modified with respect to expert disclosures as follow:

Plaintiff's Expert Disclosure:                July 1, 2005

Defendant's Expert Disclosure:       August 1, 2005

Rebuttal Expert Disclosures:       August 15, 2005

Dated:  June 20, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge

4