IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  04-cv-01856-WYD-BNB

LIBERTY INSURANCE UNDERWRITERS, INC., a New York Corporation,

    Plaintiffs,

v.

WESTPORT INSURANCE CORPORATION, a Connecticut Corporation,

    Defendant.

---

**ORDER**

---

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Defendant Westport Insurance Corporation's Motion for Summary Judgment, filed July 1, 2005 ("Motion").  This is an insurance case in which Plaintiff Liberty Insurance Underwriters, as assignee, brings claims against Defendant Westport Insurance Corporation for breach of its insurance contract with The Young Men's Christian Association of Metropolitan Denver ("YMCA").  YMCA owns a Commercial Property insurance policy issued by Westport and a Difference in Conditions insurance policy issued by Liberty.  The insurance claim at issue in this case arises out of construction of the Susan M. Duncan YMCA facility in Arvada, Colorado (the "facility") and involves a dispute regarding coverage for YMCA's claims for property damage and business interruption losses.  The Westport policy contains a provision requiring that suit be initiated within two years after the date on which the direct physical loss or damage occurred.  In August of 1999, YMCA noticed

cracking and heaving of the slab-on-grade floor and damage to some interior walls and floors at the facility. YMCA notified Westport and Liberty of this damage in November 1999. Westport paid YMCA $25,000 in October 2001. In November, 2002, YMCA submitted claims for business loss interruption to Westport and Liberty. On January 15, 2004, Westport denied coverage for YMCA's business income claim for amounts in excess of the $25,000 previously tendered in connection with the physical damage claim.

In the pending motion, Westport asserts that it is entitled to summary judgment on Liberty's breach of contract claim because: (1) its policy with YMCA contains a provision requiring that suit be brought within two years after the date on which the physical loss or damage occurs, and the instant suit was not filed until approximately five years after the loss occurred; and (2) Liberty's claim is barred by the doctrine of accord and satisfaction because YMCA accepted payment of the claim made by Westport as fulfillment of Westport's obligations and acknowledge that Westport had fulfilled its obligation of coverage. Liberty filed a response to the Motion on August 8, 2005. A reply in support of Westport's Motion was filed October 11, 2005. The Court has reviewed the briefs and considered all arguments and concludes that there are genuine issues of material facts regarding the matters raised in the Motion such that the Motion must be denied.

II.   ANALYSIS

    A.   Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may

grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

      B.    <u>Whether Partial Summary Judgment is Proper in this Case</u>

I first address Westport's assertion that Liberty is not entitled to coverage because this suit was not commenced within two years of the date the physical loss or damage to the facility occurred. While it is undisputed that Westport's policy contains a provision requiring suit to be commenced within two years, I find that there are material facts in dispute concerning whether Westport waived this time limitation defense or whether it should be equitably estopped from asserting this defense. Liberty notes that Westport did not make its initial payment of $25,000 to YMCA within two years of the date of loss, and further asserts that Westport's denial of coverage for additional amounts came nearly four years after the date of loss. According to Liberty, Westport's October 2001 payment of $25,000 was not accompanied by correspondence, did not

inform YMCA of the specific policy provision pursuant to which the payment was being made, did not assert any defenses, did not admit or deny coverage for additional amounts, and did not raise the two year limitation defense. Liberty further contends that Westport did not raise the two year limitation defense in a separate civil action between YMCA and Liberty in September, 2003. According to Liberty, the first time Westport raised the limitation defense was in its answer to the Complaint in this action in October, 2004.

     I also find that there are disputed issues of material fact regarding Westport's assertion that Liberty's claims are barred by the doctrine of accord and satisfaction. A party attempting to demonstrate accord and satisfaction must show that money was offered in full satisfaction of a demand, and that it was accompanied by acts and declarations such that the party to whom the money was offered understands that the money, if accepted, is accepted in full satisfaction of the demand. *See Anderson v. Rosebrook*, 737 P.2d 417, 419 (Colo. 1987). Here, Liberty has presented evidence, through excerpts from the Depositions of Kevin Trampani and Don Gardner, that Westport may not have offered the $25,000 in full satisfaction of YMCA's claims, that the offer was not accompanied by acts or declarations such that YMCA understood that the money was tendered in satisfaction of all of its claims, and that YMCA did not accept the $25,000 is full satisfaction of its claims.

III.    <u>CONCLUSION</u>

     In conclusion, I find that Liberty demonstrated through its Response to Defendant's Motion for Summary Judgment, that there are genuine issues of material

fact regarding the issues raised in the Motion.  Therefore, it is hereby

ORDERED that Defendant Westport Insurance Corporation's Motion for Summary Judgment, filed July 1, 2005, is **DENIED**.

Dated:  March 14, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge