IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  04-cv-01856-WYD-BNB

LIBERTY INSURANCE UNDERWRITERS, INC., a New York Corporation,

      Plaintiffs,

v.

WESTPORT INSURANCE CORPORATION, a Connecticut Corporation,

      Defendant.

---

**ORDER**

---

I.    <u>INTRODUCTION</u>

      THIS MATTER is before the Court on Defendant Westport Insurance

Corporation's Motion for Certification for Appeal, filed August 10, 2006 (docket # 129).

This is an insurance case in which Plaintiff Liberty Insurance Underwriters, as

assignee, brings claims against Defendant Westport Insurance Corporation for breach

of its insurance contract with The Young Men's Christian Association of Metropolitan

Denver ("YMCA").  YMCA owns a Commercial Property insurance policy issued by

Westport and a Difference in Conditions insurance policy issued by Liberty.  The

insurance claim at issue in this case arises out of construction of the Susan M. Duncan

YMCA facility in Arvada, Colorado (the "facility") and involves a dispute regarding

coverage for YMCA's claims for property damage and business interruption losses.

      Westport filed its second motion for summary judgment on February 23, 2006, in

which it asserted that it is entitled to summary judgment because Liberty's claims in this

case are barred by the "earth movement" exclusion in its policy.  Liberty filed a motion

for summary judgment on March 2, 2006, contending that Westport admitted coverage

and waived or should be estopped from asserting the earth movement exclusion, as

well as other coverage defenses.  By Order dated July 28, 2006 ("Order"), I denied both

motions.  With respect to Westport's motion, I found that the earth movement exclusion

at issue in this case is ambiguous, and construed the exclusion to refer only to natural

phenomena.  I further found that Liberty has raised a genuine issue of fact as to

whether the damage in this case was caused by natural or human action, and that

summary judgment was not appropriate.  Westport contends that the Order denying

summary judgment meets the criteria of 28 U.S.C. § 1292(b), and certification for

immediate appeal is appropriate.  Westport asserts that there is a substantial ground

for difference of opinion with respect to my interpretation of the "earth movement"

exclusion at issue in this case.

The relevant statute, 28 U.S.C. §1292(b), provides:

> When a district judge, in making in a civil action an order not
> otherwise appealable under this section, shall be of the
> opinion that such order involves a controlling question of law
> as to which there is substantial ground for difference of
> opinion and that an immediate appeal from the order may
> materially advance the ultimate termination of the litigation,
> he shall so state in writing in such order.  The Court of
> Appeals which would have jurisdiction of an appeal of such
> action may thereupon, in its discretion, permit an appeal to
> be taken from such order, if application is made to it within
> ten days after the entry of the order: *Provided, however,*
> That application for an appeal hereunder shall not stay
> proceedings in the district court unless the district judge or
> the Court of Appeals or a judge thereof shall so order.

The statute imposes four criteria to be met before an issue may certified for appeal: (1) the action must be a "civil action," (2) the court must conclude that the order from which the appeal is to be taken involves a "controlling question of law;" (3) upon which there exists "substantial ground for difference of opinion," and (4) the court must believe that "immediate appeal from the order may materially advance the ultimate termination of the litigation." *In re Grand Jury Proceedings June 1991*, 767 F.Supp. 222, 223 (D. Colo. 1991). A question of law is "controlling" if it has the potential for substantially accelerating disposition of the litigation. In other words, "[i]f the correct answer to the question will end the matter pending, the question is controlling." *In re Grand Jury Proceedings June 1991*, 767 F.Supp. at 225. As to the third requirement, the question presented for certification must be difficult, novel, and involve "a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions." *Id.* at 226.

This is a civil action, therefore, the first criteria is met. However, my determination that the earth movement exclusion is ambiguous, and that genuine issues of material fact remain for trial, does not involve a controlling question of law. Generally, an order denying a motion for summary judgment on the grounds that there are unresolved issues of fact is not appropriate for immediate appeal pursuant to § 1292(b). *Meyer v. Stern*, 599 F.Supp. 295, 297 (D. Colo. 1984). In addition, the Court's legal conclusion that the earth movement exclusion in this case is ambiguous is not a "pure" legal issue as contemplated by § 1292(b). *See Ahrenholz v. Bd. of Trustees*, 219 F.3d 674, 676-77 (7th Cir. 2000) (interpretation of contract not a

-3-

controlling question of law).

Defendant Westport Insurance Corporation's Motion for Certification for Appeal, filed August 10, 2006 (docket # 129) is **DENIED**.

Dated:  September 25, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge