IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 04-cv-01856-WYD-BNB

LIBERTY INSURANCE UNDERWRITERS, INC., a New York Corporation,

Plaintiffs,

v.

WESTPORT INSURANCE CORPORATION, a Connecticut Corporation,

Defendant.

---

**ORDER**

---

I. INTRODUCTION

THIS MATTER is before the Court on Defendant Westport Insurance Corporation's Motion for Reconsideration, filed March 28, 2007 (docket #140). By way of background, I note that this is an insurance case in which Plaintiff Liberty Insurance Underwriters, as assignee, brings claims against Defendant Westport Insurance Corporation for breach of its insurance contract with The Young Men's Christian Association of Metropolitan Denver ("YMCA"). YMCA owns a Commercial Property insurance policy issued by Westport and a Difference in Conditions insurance policy issued by Liberty. The insurance claim at issue in this case arises out of construction of the Susan M. Duncan YMCA facility in Arvada, Colorado (the "facility") and involves a dispute regarding coverage for YMCA's claims for property damage and business interruption losses.

Westport filed its second motion for summary judgment on February 23, 2006, in

which it asserted that it is entitled to summary judgment because Liberty's claims in this case are barred by the "earth movement" exclusion in its policy. Liberty filed a motion for summary judgment on March 2, 2006, contending that Westport admitted coverage and waived or should be estopped from asserting the earth movement exclusion, as well as other coverage defenses. By Order dated July 28, 2006 ("Order"), I denied both motions. With respect to Westport's motion, I found that the parties generally agreed that the damage to the facility occurred when increased moisture caused soil under the facility to "expand." I then found that the earth movement exclusion at issue in this case is ambiguous, and construed the exclusion to refer only to natural phenomena. I further found that Liberty has raised a genuine issue of fact as to whether the soil expansion under the facility was caused by natural or human action, and that summary judgment was not appropriate.

In its motion for reconsideration, Westport contends that the recent Colorado Court of Appeals decision in *Thompson v. State Farm Fire & Cas. Co.*, 2007 WL 686006 (Colo. App. Mar. 8, 2007) mandates reconsideration of my Order denying its second motion for summary judgment.

"'The Federal Rules of Civil Procedure recognize no motion for reconsideration.'" *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (quotation and internal quotation marks omitted); *see also Lawrence v. Maher*, 62 Fed.Appx. 907, 2003 WL 1889961, at *1 (10th Cir. 2003) (unpublished); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). The court's treatment of the motion for reconsideration depends on whether the order is a final order that disposes of all claims and all parties or is an

interlocutory order.

Prior to entry of final judgment, district courts have the inherent power to alter or amend interlocutory orders." *Nat. Business Brokers, Ltd. v. Jim Williamson Productions, Inc.*, 115 F. Supp. 2d 1250, 1255 (D. Colo. 2000). "Thus, a court can alter its interlocutory order even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Rule 59(e) or a motion for relief from judgment brought pursuant to Rule 60(b) are not satisfied." *Id.* "Notwithstanding the court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" *Id.* (quotation and internal quotation marks omitted). "Rather, as a practical matter, '[t]o succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Id.*, (quotation omitted). "'A motion to reconsider . . . should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence.'" *Id.* (quotation and internal quotation marks omitted).

I have reviewed the Colorado Court of Appeals decision in *Thompson* and I find that it does not mandate reconsideration of my prior Order. In *Thompson*, the Colorado Court of Appeals found that an exclusion for "water damage" applied to any loss from water below the surface of the ground, regardless of the cause of the water and regardless of whether or not the water arises from natural or external forces. *Thompson*, 2007 WL 686006. The court reached this conclusion based on a lead-in clause in the policy that clearly excluded damage arising from ceratin events, including

water damage, "regardless of the cause of the excluded event." *Id*. While the "lead-in" clause in the policy at issue in this case, which excludes losses caused by certain events "regardless of any other cause or event that contributes concurrently or in any sequence to the loss . . . ," is similar to the lead-in clause in *Thompson*, I still find that the policy at issue in this case is ambiguous in that it does not clarify what constitutes "earth movement" in the first instance. I find that the *Thompson* decision is not controlling in this case, and that reconsideration is not appropriate.

In its response to the motion for reconsideration, Liberty requests that in addition to denying the motion for reconsideration, I enter an Order concluding that there are no material facts in dispute regarding the cause of the increased moisture content beneath the facility, and that the earth movement exclusion does not exclude coverage for Liberty's claims in this case. It is improper for Liberty to include this request as part of its response. This request should be made the subject of a separate motion. Therefore, I will not consider Liberty's request at this time. *See* D.C.Colo.L.CivR 7.1(C).

Therefore, it is hereby

ORDERED that Defendant Westport Insurance Corporation's Motion for Reconsideration, filed March 28, 2007 (docket #140) is **DENIED**.

Dated: April 18, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel

U. S. District Judge